## 47820. GARY et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.

QUILLIAN, Judge.  The plaintiff repossessed the defendants' automobile for being two months in default under the terms of a retail instalment contract. After notices were sent to the defendants by letter, the automobile was sold at private sale. Since the amount realized from the sale was less than the amount due, the plaintiff filed suit against the defendants for the deficiency. The defendants answered and set out that the plaintiff was not entitled to a deficiency amount since it had failed to comply with Code Ann. § 96-1007 (Ga. L. 1967, pp. 674, 682). Trial was had in the Civil Court of Fulton County before a judge sitting without a jury and judgment was entered in favor of the plaintiff for the deficiency and the costs of court. The defendants appealed from that judgment. *Held:*

The sole question presented on this appeal is whether the letter sent by the plaintiff to the defendants meets the requirements of law as to notice to the debtor of his right to redeem. Code Ann. § 96-1007 provides: "When any motor vehicle has been repossessed after default in accordance with Georgia Code Chapter 109A-9—5, the seller or holder shall not be entitled to recover a deficiency against said buyer unless within 10 days after said repossession he forwards . . . a notice of the seller's or holder's intention to pursue a deficiency claim against said buyer. *Said notice shall also advise the buyer of his rights of redemption,* as well as his right to demand a public sale of said repossessed motor vehicle." (Emphasis supplied.) The letter sent to the defendant stated: "You may redeem said collateral and terminate the contract relating thereto by payment of $1,278.25, any time prior to the time and date designated below as the first day on which said collateral will be offered for sale, if not redeemed, and

thereafter until said collateral is sold."

The defendants contend that the statute in question must be strictly construed and that notice given to debtor must state that he has a "right to redemption." Code Ann. § 96-1007 refers to repossession in accordance with Code Chapter 109A-9—5 and further states that it is cumulative of that Code Section. Code Ann. § 109A-9—506 (Ga. L. 1962, pp. 156, 425) provides for debtor's right to redeem collateral and states: "The debtor or any other secured party *may* unless otherwise agreed in writing after default *redeem* the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party." (Emphasis supplied.) It is therefore clear even strictly construing Code Ann. § 96-1007 that the use of the language "you may redeem said collateral" is sufficient compliance with the terms of the statute.

The trial judge did not err in entering judgment for the plaintiff.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED JANUARY 3, 1973 — DECIDED JANUARY 26, 1973.

*Robert S. Travis,* for appellants.
*Wilkinson, Nance & Wittner, Sheldon R. Wittner,* for appellee.