## 66563. CREDITHRIFT OF AMERICA, INC., NUMBER 2 v. SMITH et al.

BIRDSONG, Judge.

Credithrift sued for a deficiency judgment following the sale of Smith's repossessed collateral. The trial court directed a verdict for Smith on grounds that Credithrift insufficiently notified Smith of his right to redeem the collateral at any time prior to the time the collateral would be sold, pursuant to OCGA §§ 10-1-10 (Code Ann. § 96-909) and 11-9-506 (Code Ann. § 109A-9—506). See also *Gary v. GMAC,* 128 Ga. App. 10 (195 SE2d 458). A motion for new trial was denied on the same grounds. *Held:*

Credithrift's notification to Smith provided: "You have the right to redeem possession by paying the balance . . . no later than ten days from the date of this letter. You have also the right to demand that the property be disposed of by public sale by requesting such . . . no later than September 25, 1981, which is the date the property is to be sold."

Since this notification letter was dated September 15, if the property had been sold ten days later on September 25, inasmuch as the debtor was told that he had ten days to redeem his collateral, he would have in fact been advised that he could redeem his collateral at any time before the secured party disposed of it. OCGA § 11-9-506 (Code Ann. § 109A-9—506). In such peculiar circumstances, we do not see how the debtor, as a practical matter, could have been misled, or prevented from exercising his right of redemption prior to sale. See esp. *Motor Contract Co. v. Sawyer,* 123 Ga. App. 207, 209 (180 SE2d 282). But the record shows the sale did not take place on September 25, 1981. The collateral was not sold until January 1982. The debtor had, as a matter of law, not been notified that he could redeem his collateral at any time before the sale, but was only given that right until September 25, a clear violation of OCGA §§ 11-9-506 (Code Ann. § 109A-9—506) and 10-1-10 (Code Ann. § 96-909). The trial court correctly directed a verdict for the debtor.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 19, 1983.

*George W. Woodall,* for appellant.
*G. Russell Wright,* for appellees.