486 A.2d 465

**COMMONWEALTH of Pennsylvania**

v.

**James S. DARRAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1984.

Filed Dec. 28, 1984.

Lawrence J. Hracho, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order denying appellant's petition for relief under the Post-Conviction Hearing Act. Appellant was found guilty by a jury of a veritable catalogue of crimes including attempt to commit murder, prohibited offensive weapons, aggravated assault, reckless endangerment, involuntary deviate sexual intercourse, robbery, theft by unlawful taking and kidnapping, for which the consecutive sentences imposed totaled eighteen to forty-

two years imprisonment. The offenses stem from a 1976 incident in which appellant telephoned the victim, a car salesperson, for the ostensible purpose of purchasing an automobile. During the course of appellant's "test drive" of the car, he held the victim prisoner at gunpoint, forced her to perform fellatio on him and then shot her, absconding with the car and leaving her for dead by the side of the roadway.

 Appellant, in seeking post-conviction relief, has presented us with a litany of complaints, thirty in all, concerning trial counsel's stewardship of his case. All, save one, are devoid of merit and to this sole exception we direct our consideration. Appellant has alleged reversible error in the trial court's imposition of sentence on offenses which were recognized as merged but nevertheless improperly treated.[1] We are informed that: (1) criminal attempt/homicide merges with prohibited offensive weapons, *Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983); (2) criminal attempt/homicide merges with aggravated assault, *Id.;* (3) criminal attempt/homicide merges with reckless endangerment, *Id.;* (4) unlawful restraint merges with kidnapping, *Commonwealth v. Sheffield*, 306 Pa.Super. 274, 452 A.2d 550 (1982); (5) theft by unlawful taking merges with robbery, *Commonwealth v. Smith*, 313 Pa.Super. 138, 459 A.2d 777 (1983); (6) robbery merges with kidnapping. The supporting argument is that all the offenses relate to one crime. We agree with respect to (1) through (5) and accordingly vacate sentence on the merged charges as is our prerogative under *Ford, supra* and *Commonwealth v. Bey*, 306 Pa.Super. 288, 452 A.2d 729 (1982) and its antecedents. We note in so doing, however, that the length of the sentence imposed is in no way altered as the sentences vacated were to run concurrently with those for the correlative crimes as was noted by the trial judge during sentencing. The consecutive sentences were for crimes which do

1. Trial counsel is faulted not for failure to raise this issue, since it was in fact called to the trial court's attention and ours on direct appeal, but for his failure to demonstrate sufficient energy in doing so.

not merge. With respect to number 6, we are aware of no precedent which justifies the merger of robbery with kidnapping and appellant offers none. In fact, such consolidation under the facts of this or any case within imagining would be completely improper. His reasoning, that the robbery and kidnapping offenses were actually parts of the single goal, is unpersuasive.

Accordingly, sentence on the following offenses is vacated: prohibitive offensive weapons, aggravated assault, recklessly endangering another person, unlawful restraint and theft by unlawful taking. Otherwise the Order of the Court of Common Pleas of Berks County denying appellant's application for post-conviction relief is affirmed.

Order affirmed.