74054. BRADFORD et al. v. GENERAL ELECTRIC CREDIT
CORPORATION OF GEORGIA.
(359 SE2d 757)

BENHAM, Judge.

Appellee General Electric Credit Corporation of Georgia (GECC) filed suit against appellants James and Jerome Bradford, seeking a deficiency judgment. Appellee alleged that the Bradfords had executed a promissory note and chattel mortgage, giving GECC a security interest in various pieces of construction equipment which, when appellants defaulted on their obligation, GECC had taken possession of and sold, applying the proceeds to appellants' indebtedness. A deficiency balance of $56,760.10 remained, for which appellee filed suit. A jury found in favor of GECC, and appellants' sole enumeration of error on their appeal from the judgment entered is the denial of their motion for directed verdict.

Appellants contend that GECC is precluded from obtaining a deficiency judgment against them because GECC did not provide proper notice under OCGA § 11-9-506. That statute provides: "At any time before the secured party has disposed of collateral . . . the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral . . . ." This court has held that a debtor must be notified that he may redeem his collateral at *any time* before its sale. See *Credithrift of America &c. v. Smith*, 168 Ga. App. 45 (308 SE2d 53) (1983). In the case at bar, GECC notified appellants that the repossessed collateral would be sold after 10 days had elapsed from the date of the letter; that appellant would be responsible for the account balance remaining after the sale; that appellants had the right to redeem the collateral upon payment in full of the account; and that such payment "must be remitted on or before [10 days from the date of the notice]." All of the repossessed collateral was sold well after the 10-day period set forth in each notice letter had elapsed. According to this court's holding in *Credithrift*, supra, "[t]he debtor[s] had, as a matter of law, not been notified that [they] could redeem [their] collateral at any time before the sale. . . ." GECC suggests that the holding in *Credithrift* is applicable only where, as there, the notice letter contains the date of the sale and limits the right of redemption to a time up to the date of sale, but the sale takes place at a date later than that listed in the notice letter. We decline to adopt such a narrow interpretation of *Credithrift*, especially in the factual setting of the case at bar wherein the debtors

were informed that payment to redeem the collateral had to be made on or before 10 days from the date of the letter. Based on *Credithrift*, we hold that when a debtor is not informed that he has a right to redeem the collateral at any time before its sale, OCGA § 11-9-506 is violated.

The remedy applied in *Credithrift*, the direction of a verdict in favor of the debtor, is, however, no longer available. In *Emmons v. Burkett*, 256 Ga. 855 (353 SE2d 908) (1987), the Georgia Supreme Court retreated from the "absolute bar" rule appellants espouse, which rule barred a creditor from recovering a deficiency judgment if it had failed to comply with the UCC notice requirements concerning the sale of repossessed collateral. In its place, the Supreme Court adopted the "rebuttable presumption" rule: "if a creditor fails to give notice or conducts an unreasonable sale, the presumption is raised that the value of the collateral is equal to the indebtedness. To overcome this presumption, the creditor must present evidence of the fair and reasonable value of the collateral and the evidence must show that such value was less than the debt. [Cit.] If the creditor rebuts the presumption, he may maintain an action against the debtor or guarantor for any deficiency. Any loss suffered by the debtor as a consequence of the failure to give notice or to conduct a commercially reasonable sale is recoverable under [OCGA] § 11-9-507 and may be set off against the deficiency." Id. at 857.

The case at bar was tried in September 1985, at which time the "absolute bar" rule was in effect. In light of our holding that GECC's notice letter was deficient under *Credithrift*, appellants were entitled to a directed verdict. However, on appeal, we must apply the law now in effect, the "rebuttable presumption" rule. Appellants argue that the Supreme Court holding in *Emmons v. Burkett* should not be applied to the case at bar since that was not the state of the law at the time the trial court entered its judgment. "On appeal we apply the law as it exists at the time of appeal rather than the law prevailing at the rendition of the judgment under review; we may reverse a judgment that was correct when rendered, where the law has been changed in the meantime and where no vested right will be impaired. [Cit.]" *Hensel Phelps Constr. Co. v. Johnson*, 161 Ga. App. 631 (295 SE2d 843) (1982). Prior to *Emmons v. Burkett*, case law imposed a penalty on creditors for noncompliance with OCGA § 11-9-504 (3). Inasmuch as there is no vested right in a penalty (*Southern Discount Co. of Ga. v. Ector*, 246 Ga. 30 (268 SE2d 621) (1980)), the law in effect at the time of appeal will be applied. We have reviewed the trial transcript and conclude that GECC overcame the presumption that the value of the repossessed collateral equaled the indebtedness by presenting evidence of the fair and reasonable value of the collateral through its presentation of appraisal testimony. GECC also

showed that the value of the collateral was less than the outstanding indebtedness. The debtors, on the other hand, presented no evidence of the loss they may have suffered due to GECC's insufficient notice of sale. OCGA § 11-9-507 (1) afforded appellants a "pre-rebuttable presumption rule" means by which they might recover any loss they sustained due to appellee's insufficient notice. See *Trust Co. of Columbus v. Kite*, 164 Ga. App. 119, 121 (294 SE2d 606) (1982). Thus, while appellants had the opportunity to present evidence of any loss they may have sustained due to GECC's insufficient notice of sale, they failed to avail themselves of that remedial avenue. Since appellants did not prove they were damaged by appellee's insufficient notice, they were not entitled to a set-off against the deficiency proven by GECC to exist.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JULY 23, 1987.

*John W. Mrosek, Stephen H. Block*, for appellants.
*William E. Turnipseed*, for appellee.