## SUN BANK N.A. v TAYLOR, et al.

### Case No. CO87-4627

County Court, Orange County

November 14, 1988

## OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

### *FINAL JUDGMENT*

This cause came before this court as a non jury trial on October 24, 1988. Mr. Taylor took out a loan with the plaintiff to purchase an automobile, which was cosigned by Mr. Kapinos. Unfortunately Mr. Taylor was unable to make the payments on the vehicle and it was repossessed by Sun Bank. The bank sold the car at the Orange County Auto auction for $4,270,[1] leaving a deficiency balance of $4,667.97.[2]

---

[1] Plaintiff's Exhibit 3

[2] Plaintiff's Exhibit 6

The plaintiff's lawsuit seeks to recover the amount of the deficiency, plus costs, interest and reasonable attorney's fees. Prior to the trial a default was entered by the clerk against Randall Taylor.

Mr. Kapinos denies that he owes any portion of the deficiency. The reason is that Mr. Kapinos testified that he never received statutory notice by the bank prior to the sale of the automobile, that the vehicle would be sold at a private auction. Under Florida law, the notice must inform the debtor that unless the balance of the debt is paid off, the vehicle would be sold at a private sale.[3]

In his credit application with Sun Bank, dated February 16, 1986 Mr. Kapinos listed his address as 9 Auora Drive, Apopka, Florida.[4] On March 16, 1987 Mr. Kapinos made an application for a loan with Sun Bank, listing his new address as 759 Wymore Road in Altamonte Springs, Florida. There was no evidence before the court that the bank sent Mr. Kapinos the required statutory notice to either of these two addresses. Based on the facts presented to this court, the court is persuaded that the bank failed to properly notify Mr. Kapinos in compliance with FS § 679.504(3).

The failure of the bank to send proper notice does not automatically mean that the defendant prevails.[5] If the plaintiff fails to comply with the statutory requirements, such as failing to send proper notice:

"there will arise a presumption that the fair market value of the collateral at the time of repossession was equal to the amount of the total debt that it secured. The burden to prove that the fair market value of the collateral was less than the debt will be upon the secured party."[6]

The bank has the burden of proving that the fair market value of the vehicle was less than the amount owed on the debt. In the case at bar the only evidence introduced was the "blue book"[7] value of a 1986

---

[3] FS § 679.504(3)

[4] Plaintiff's Exhibit 2

[5] *Landmark First National Bank of Fort Lauderdale v Gepetto's Tale O' The Whale Of Fort Lauderdale Inc.*, 498 So.2d 920 (Fla. 1986)

[6] *Landmark First National Bank of Fort Lauderdale v Gepetto's Tale O' The Whale Of Fort Lauderdale Inc.*, 498 So.2d 920, 922 (Fla. 1986)

[7] The blue book value is a compilation of the average of all the vehicles of that make which were sold in a given month. It lists the average trade in value, loan value and retail value.

Plymouth Horizon[8] for both the United States and the "blue book" value for the state of Florida. There was no independent appraisal of the vehicle prior to it being sold at auction.

As yet there has not been any appellate case law in the state of Florida establishing how a creditor meets his burden of proof. However there have been a number of decisions from other jurisdictions.

The supreme court of Alaska has ruled[9] that a creditor may overcome his burden by either:

1. obtaining a fair and reasonable appraisal at or near the time of repossession or

2. producing convincing evidence of the value of the collateral. This can be accomplished by producing proof of the condition of the collateral and the usual price of items of like condition.

The supreme court of North Dakota has held the creditor must introduce credible evidence of the fair market value of the collateral other than the price received for it and other than the opinions of its own agents or employees.[10]

The supreme court of Pennsylvania has ruled that introduction of the blue book alone was not sufficient to overcome the creditor's burden. There has to be independent evidence of the condition of the vehicle.[11]

In fact in those cases where the creditor has been deemed to meet his burden of proof, there was evidence of an independent appraisal.[12]

Based on the facts of this case, since the creditor failed to introduce evidence of an independent appraisal, the court rules that the creditor has failed to sustain its burden by clear and convincing evidence that the fair market value of the collateral was less than the debt owed. Having failed to do so, the court rules that the plaintiff is not entitled to a judgment and shall go hence without day.

The court reserves jurisdiction to award any costs sustained by the defendant.

Done and ordered this 14th day of November, 1988.

---

[8] The vehicle in question was a 1986 Plymouth Horizon.

[9] *Hoch v Ellis,* 627 P.2d 1060 (Alaska 1981)

[10] *State Bank of Towner v Hansen,* 302 N.W.2d 760 (N.D. 1981)

[11] *Savoy v Beneficial Consumer Discount Co.,* 486 A.2d 465 (Pa. 1983)

[12] *Bradford v General Electric Credit Corp.,* 359 S.E.2d 757 (Ga. App. 1987); *United Bank Alaska v Dishner,* 685 P.2d 90 (Alaska 1984)