**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 13, 2013**

# In the Court of Appeals of Georgia

A12A1866. HWA PROPERTIES, INC. et al. v. COMMUNITY &
   SOUTHERN BANK.

MILLER, Presiding Judge.

HWA Properties, Inc. and Harry W. Albright (collectively "HWA") appeal from the trial court's order approving an application by Community & Southern Bank ("Community Bank") for confirmation of a non-judicial foreclosure sale of property. HWA contends that the trial court erred in confirming the sale because its determination of value was based on inadmissible hearsay. For the following reasons, we reverse.

"The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them. Furthermore, we do not determine witness credibility or weigh the evidence and we

view the evidence in the light most favorable to the trial court's judgment." (Citation and punctuation omitted.) *Greg A. Becker Enterprises, Ltd. v. Summit Investment Mgmt. Acquisitions I, LLC*, 314 Ga. App. 721 (725 SE2d 841) (2012).

So viewed, the record shows that in June 2006, HWA executed a security deed to secure repayment of a promissory note in the principal amount of $4,145,401. Pursuant to the security deed, the lender, Appalachian Community Bank, acquired a security interest in HWA's real property in Fannin County. Albright executed a guarantee covering the promissory note.

Appalachian Community Bank was subsequently closed, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver for the bank. Thereafter, the FDIC assigned its interest in the HWA note, Albright's guaranty, and the security deed to Community Bank. After HWA defaulted on the loan, Community Bank accelerated the loan, declaring the principal balance due immediately. Community Bank then initiated proceedings to foreclose upon HWA's real property in accordance with the power of sale authorized in the security deed.

The foreclosure sale occurred in November 2011. There were no other bidders at the foreclosure sale, and the property was knocked down and sold to Community

2

Bank for $1.59 million. Thereafter, Community Bank filed a petition to have the sale confirmed and approved for purposes of pursuing a deficiency judgment.

At the confirmation hearing, Community Bank's real estate appraiser testified that the property consisted of three separate parcels of undeveloped land: (1) 83.47 acres with highway frontage indented for development (the "Development Tract"); (2) approximately 91.66 acres that the appraiser found to be "effectively inaccessible" and not suited for development (the "First Excess Tract"); and (3) 12.75 acres unconnected to either of the other two tracts that the appraiser also found to be inaccessible and not suited for development (the "Second Excess Trust"). Included in First Excess Tract's 91.66 acres was a 1.433-acre strip of land that surveys showed connected the First Excess Tract to the Development Tract. The appraiser stated that during her physical inspection of the property, she could not locate the 1.433-acre strip and could not say with certainty whether she traveled from the Development Tract to the First Excess Tract.

The appraiser explained that she applied a 70% discount to the First and Second Excess Tracts since they were "effectively inaccessible." Applying this discount to the First and Second Excess Tracts, the appraiser determined that the value of each tract as follows: $1,310,000 for the Development Tract; $247,500 for

3

the First Excess Tract; and $31,500 for the Second Excess Tract. The final adjusted valuation of the entire property of $1.59 million.

The trial court questioned whether the property was landlocked and the appropriateness of the percent discounted for the First and Second Excess Tracts due to inaccessibility. The appraiser stated that she also did not believe that the First Excess tract was actually landlocked, and that she could not confirm whether this was true. The trial court rejected the appraiser's reasons for using a 70% discount, finding the percentage to be absurd. The trial court nevertheless confirmed the sale because it believed that the "overall valuation" of the property was correct. The trial court's opinion was "based upon previous confirmations and testimony of others and the Court's own experience." Following the hearing, the trial court entered an order confirming the sale, finding that the property sold for at least true market value.

On appeal, HWA contends that the trial court erred in confirming the foreclosure sale because it expressly based its determination of value on inadmissible hearsay. Specifically, HWA argues that after the trial court rejected the appraiser's valuation of the property due to questions of inaccessibility and excessive discounting, the trial court erred in confirming the sale based upon previous confirmations and the testimony of others in those cases. We agree.

4

We must affirm the trial court's determination that a property sold for at least fair market value if it is supported by any evidence. See *Greg A. Becker Enterprises*, supra, 314 Ga. App. at 721. "It is settled, however, that hearsay is not competent evidence and is without probative value to establish any fact." (Citation omitted.) *Teal v. Thurmond*, 310 Ga. App. 312, 313 (713 SE2d 436) (2011). When the trial court sits as the trier of facts, it is presumed that the court separated admissible evidence from inadmissible evidence and selected only the legal evidence in forming its judgment. See *Eayrs v. Wells Fargo Bank*, 311 Ga. App. 504, 506 (2) (716 SE2d 561) (2011). However, where the trial judge indicates its intention to consider inadmissible matters, "we can longer indulge the presumption that the trial judge selected the legal testimony and discounted the effect of the incompetent evidence in molding his judgment." (Citations and punctuation omitted.) *Smith v. Andrews*, 139 Ga. App. 380, 381-382 (228 SE2d 320) (1976); see also *Ace Technologies v. PMCS, Inc.*, 274 Ga. App. 785, 787 (618 SE2d 720) (2005) (holding that presumption did not apply where the trial court clearly based its ruling on hearsay).

In this case, HWA has demonstrated that the trial court considered inadmissible evidence in reaching its decision. Community Bank's appraiser was the only witness who testified at the confirmation hearing as to the property's value. After rejecting

the appraiser's methodology and valuation, the trial court clearly expressed its intent to rely upon inadmissible hearsay. See *In the Interest of L.H.*, 242 Ga. App. 659, 660 (2) (530 SE2d 753) (2000) (stating that a trial court's oral pronouncements may provide appellate insight as to the intent of its subsequent written judgment). Notably, the trial court stated that it was confirming the sale based upon "previous confirmations and [the] testimony of others." "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons, and is inadmissible unless it falls within a permissible exception to the hearsay rule." *Chancey v. Peachtree Pest Control Co.*, 288 Ga. App. 767, 769 (1) (655 SE2d 228) (2007); see also OCGA § 24-3-1 (a) (2011). The information and testimony from other confirmation hearings fall squarely within the hearsay definition, and no showing has been made that any hearsay exception applied.

Although Community Bank argues that the trial court's confirmation may still be affirmed since the appraiser's testimony established the true market value of the property, the trial court expressly rejected the appraiser's methodology and valuation and substituted its own valuation of the property based on inadmissible evidence. As a result, no admissible evidence supported the trial court's determination that the

foreclosure sale brought at least fair market value. See *Belans v. Bank of America*, 303 Ga. App. 35, 39 (2) (692 SE2d 694) (2010) (after eliminating hearsay reports, there was no evidence to support trial court's confirmation of foreclosure sale); see also *Andrews*, supra, 139 Ga. App. at 381-382 (concluding that when the trial court relies upon inadmissible hearsay, we must reverse since we can no longer presume trial court relied upon on legal testimony and discounted incompetent evidence). Accordingly, the trial court erred in confirming the foreclosure sale.

*Judgment reversed. Ray and Branch, JJ., concur.*