**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 29, 2025**

# In the Court of Appeals of Georgia

A25A1265. ATLANTA WOMEN'S SPECIALISTS, LLC et al. v.
TRABUE et al.

DOYLE, Presiding Judge.

Defendants Atlanta Women's Specialists, LLC ("AWS") and Dr. Stanley Angus appeal from an order awarding $13.7 million in attorney fees to plaintiffs Keith Trabue, individually and as the guardian of Shannon Maria Trabue, and the Advocacy Trust of Tennessee, LLC, as her conservator. The fee award follows a jury verdict of $46 million for the plaintiffs in a renewal action based on a catastrophic brain injury Shannon suffered four days after giving birth. After the conclusion of a lengthy appeals process,[1] the trial court ultimately awarded $13.7 million in attorney fees

---

[1] In *Trabue v. Atlanta Women's Specialists, LLC*, 349 Ga. App. 223 (825 SE2d 586) (2019) (*"Trabue I"*), this Court reversed the trial court's grant of a partial new trial on apportionment, which revised the original judgment, affirmed the order

under the offer of settlement statute, OCGA § 9-11-68. See generally *Ga. Dep't of Corrs. v. Couch*, 295 Ga. 469, 470-72 (1)(b) (759 SE2d 804) (2014) (explaining the operation of OCGA § 9-11-68). The defendants now appeal, arguing that the fee

---

denying a new trial on all other grounds, and vacated the order denying as premature plaintiffs' motions for attorney fees and expenses. In *Atlanta Women's Specialists, LLC v. Trabue,* 310 Ga. 331 (850 SE2d 748) (2020) ("*Trabue II*"), the Georgia Supreme Court affirmed *Trabue I.* In *Atlanta Women's Specialists, LLC v. Trabue*, A21A1286, slip op. at 3 (Ga. App. Dec. 14, 2021) (unpublished) ("*Trabue III*"), this Court held that the defendants were precluded from raising arguments regarding improper closing argument and an improper verdict form in light of their earlier appeal. In *Atlanta Women's Specialists, LLC v. Trabue*, S22C0599 (Ga. Sept. 7, 2022) (unpublished) ("*Trabue IV*"), the Supreme Court denied certiorari. In *Atlanta Women's Specialists, LLC v. Trabue*, A24A1112 slip op. at 3 (May 9, 2024) (unpublished order) ("*Trabue V*"), this Court dismissed the defendants' appeal related to their motion to set aside a "void" jury verdict for failure to comply with this Court's appellate procedures.

award was unreasonable.[2] Because we agree that the trial court made an error of law and therefore abused its discretion, we vacate and remand the case with direction.

The record shows that the plaintiffs filed their lawsuit on August 15, 2014. During the litigation, the plaintiffs made an offer of settlement in the amount of $2 million, which the defendants rejected. Following the jury's verdict, a judgment on the verdict was entered on March 29, 2017, nunc pro tunc February 21, 2017.

On May 17, 2017, the plaintiffs filed a motion pursuant to OCGA § 9-11-68 to request that attorney fees and litigation expenses be added to the judgment. The request was based on the defendants' rejection of their offer of settlement. See OCGA § 9-11-68(b)(2).

---

[2] The defendants also argue that OCGA § 9-15-16 — a new statute that took effect on April 21, 2025, during the pendency of this appeal — should be applied retroactively to this award. See generally OCGA § 9-15-16(b) ("In any civil action, if a party seeks to recover attorney's fees pursuant to any statute authorizing an award of reasonable attorney's fees, a contingent fee agreement between such party and such party's attorney shall not be admissible as proof of the reasonableness of the fees."). In light of our holding herein, we need not reach that issue for the first time on appeal. See *Iyer v. Prism HSH Props., LLC*, 373 Ga. App. 734, 737 (1) n.1 (909 SE2d 454) (2024) (("'[A]s this Court is one for the correction of legal errors, we have no jurisdiction to address issues raised for the first time on appeal.'") (quoting *State v. Jennings*, 362 Ga. App. 790, 795 (1)(b) (869 SE2d 183) (2022)). Thus, whether or not the statute should be applied retroactively is for the trial court to determine on remand.

In support of their motion, the plaintiffs submitted evidence to prove their reasonable attorney fees, including affidavits of three independent trial attorney experts, the contingency fee agreement, and evidence regarding the expenses incurred in pursuing the litigation. On September 7, 2017, the trial court held a hearing on the motion for attorney fees and took the issue under advisement. An appeal of the judgment on the verdict ensued. After the resolution of *Trabue I*, *Trabue II*, *Trabue III*, and *Trabue IV*, the trial court entered an order on October 26, 2023, granting the plaintiffs' request for attorney fees and expenses of litigation under OCGA § 9-11-68. Notably, that order explicitly stated that the plaintiffs had submitted evidence including counsels' "work in post-judgment and appeals." Nevertheless, the order further directed the plaintiffs to submit additional evidence in support of the amount of attorney fees to be awarded, citing *Taylor v. Devereux Found., Inc.*, 316 Ga. 44, 91 (VIII) (885 SE2d 671) (2023) (("[E]vidence of the existence of a contingent fee contract, without more, is not sufficient to support the award of attorney fees. An attorney cannot recover for professional services without proof of the value of those services.") (quoting *Couch*, 295 Ga. at 483 (3)(a)).

4

Thereafter, the plaintiffs' counsel submitted additional supporting affidavits as to estimates of the time that the attorneys spent on the case after the rejection of the offer of judgment as well as what their hourly rates would have been in the event they had agreed to accept the plaintiffs' case on an hourly basis. This evidence included work done on the case after the entry of the judgment by the trial court.

On January 2, 2025, the trial court entered an order supplementing its October 26, 2023 order, and awarding $13.7 million in attorney fees to the plaintiffs under OCGA § 9-11-68. The defendants now appeal from the October 26, 2023 and January 2, 2025 orders.

On appeal, the defendants argue that the trial court abused its discretion by awarding essentially a pro-rated amount commensurate with the entire contingency fee and by considering the "total hours" proffered by plaintiffs' counsel. We agree.

We review an award of attorney fees under OCGA § 9-11-68 for an abuse of discretion, see *Cajun Contractors v. Peachtree Prop. Sub, LLC*, 360 Ga. App. 390, 402 (2) (861 SE2d 222) (2021), but "[a]n abuse of discretion occurs where a ruling . . . misapplies the relevant law." *Bellomo v. Tech Mahindra (Ams.), Inc.*, 374 Ga. App. 199, 201 (1) (912 SE2d 82) (2025) (punctuation omitted).

OCGA § 9-11-68(b)(2) provides:

> If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf *from the date of the rejection of the offer of settlement through the entry of judgment.*

(Emphasis supplied.)

As a basic premise of Georgia law, "any statute that provides for the award of attorney fees is in derogation of common law, [so] it must be strictly construed against the award of such damages." *Bellomo*, 374 Ga. App. at 207 (2) ((punctuation omitted) (quoting *Harris v. Mahone*, 340 Ga. App. 415, 418 (1) (797 SE2d 688) (2017)). Under the plain meaning of OCGA § 9-11-68(b)(2), such awards of attorney fees are expressly limited to those "incurred by the plaintiff . . . from the date of the rejection of the offer of settlement through the entry of judgment." See *Deal v. Coleman*, 294 Ga. 170, 172 (1)(a) (751 SE2d 337) (2013) ("[W]e must afford the statutory text its "'plain and ordinary meaning.'").

This Court recently explained that "the entry of judgment" in this context refers to the judgment rendered in the trial court, not after an appeal:

Nothing in the language of OCGA § 9-11-68 indicates that the General Assembly contemplated an award of fees incurred for appeals. . . . [Instead, t]he language of OCGA § 9-11-68 supports a finding that *its terms end when a case leaves the trial court.* Thus, any fees [a party] incurred for appellate proceedings . . . or those incurred for preparation of the petition for fees and expenses are not recoverable.

*Bellomo*, 374 Ga. App. at 207–08 (emphasis supplied).[3] See also OCGA § 9-11-58(b) ("The filing with the clerk of a judgment, signed by the judge, with the fully completed civil case disposition form constitutes the entry of the judgment. . . ."); *Day v. Mason*, 357 Ga. App. 836, 847 (6) (851 SE2d 825) (2020) ("[W]hether a statute that authorizes an award of attorney fees also includes an award of appellate fees depends on the language of the statute."). Therefore, it is error to award fees under

---

[3] The trial court's order was entered on January 2, 2025, and *Bellomo* was decided on January 29, 2025. See 374 Ga. App. at 199. "'[W]e apply the law as it exists at the time of appeal rather than the law prevailing at the rendition of the judgment under review.'" *Dellinger-Allen v. O'Brien*, 355 Ga. App. 811, 814 (1)(a) n.9 (846 SE2d 124) (2020) (quoting *Bradford v. Gen. Elec. Credit Corp.*, 183 Ga. App. 782, 783 (359 SE2d 757) (1987) ("On appeal we apply the law as it exists at the time of appeal rather than the law prevailing at the rendition of the judgment under review; we may reverse a judgment that was correct when rendered, where the law has been changed in the meantime and where no vested right will be impaired.")). There is no vested right in recovery of fees not authorized by OCGA § 9-11-68.

OCGA § 9-11-68(b) for work done following the initial entry of judgment in the trial court. See *Bellomo*, 374 Ga. App. at 208 (2).

Here, at the direction of the trial court, the plaintiffs supplemented the evidence of their 40 percent contingency fee agreement with extensive evidence of fees generated, including fees for work done after the trial court entered the judgment on March 29, 2017. For example, plaintiffs' appellate counsel filed an entry of appearance on June 8, 2017, which was, of course, after the March 29, 2017 entry of judgment. Yet in support of the OCGA § 9-11-68 fee request, they submitted evidence of appellate fees of approximately $1.7 million. And as pointed out in the plaintiffs' appellate brief, appellate counsel and remaining counsel spent approximately 2,500 hours on the case in the several years after trial, accounting for at least half of all the hours spent on the case.[4]

Further, as explained by the plaintiffs in their appellate brief, they performed 75 percent of their work after the rejection of their settlement offer — including the appeals process — and the fee award is essentially consistent with an amount

------

[4] Appellees assert that these post trial fees were incurred "before the entry of final judgment," and thus recoverable. But as explained herein, this is not consistent with the rule in *Bellamo*.

equivalent to 75 percent of the contingency fee. Based on this, although the trial court did not provide a detailed accounting of the fees it awarded, it is clear that the court considered evidence of legal work done after the entry of judgment and entered a commensurate award. Therefore, in light of the erroneous consideration of post-judgment attorney fees, the trial court abused its discretion, and we vacate the award and remand the case for a reassessment of fees consistent with this opinion.

*Judgment vacated and case remanded with direction. Markle, J., concurs. Padgett, J., dissents.*

A25A1265. ATLANTA WOMEN'S SPECIALISTS, LLC et al. v.

TRABUE et al.

PADGETT, Judge, dissenting.

I respectfully dissent from the majority opinion because there is no evidence in the record demonstrating that the trial court abused its discretion by considering evidence of post-judgment expenses and fees when calculating a "reasonable" amount to be awarded under OCGA § 9-11-68.

The majority opinion concludes that the trial court abused its discretion by considering evidence of fees generated for work done after the trial court entered its final judgment on March 29, 2017. This assertion is belied by the record. The record shows that the trial court clearly understood the relevant time period to be considered

for the purposes of OCGA § 9-11-68 and that it considered only the fees and expenses generated during that time period. The trial court's October 26, 2023 order granting the motion for OCGA § 9-11-68 attorney fees explicitly asked parties to submit additional evidence of fees and expenses generated "from rejection of offer of judgment to entry of judgment" so that it could determine a reasonable attorney fees award. The trial court noted that plaintiffs' counsel had previously submitted evidence that included time for "their work in post-judgment and appeals." Although the trial court's order acknowledges that plaintiffs' counsel submitted evidence of post-judgment fees in their initial proffer, such statement does not mean that the trial court considered these fees in calculating its award. Indeed, later in the same order, the trial court held that the initial proffer of evidence regarding fees submitted by plaintiffs was insufficient to determine the reasonable amount of attorney fees to be awarded under OCGA § 9-11-68. It then justified its request for the submission of additional evidence between the relevant dates because "in its determination of the value of the services actually rendered by Plaintiffs, the [trial court] must analyze evidence of estimates of the number of hours Plaintiffs' attorneys spent on the case from the rejection of the offer to judgment and of the market rates for the skill and quality of services rendered." Thus, it is clear that the trial court was aware of the

2

relevant date range to be considered when calculating a reasonable award of attorney fees.

Although it is true that the plaintiffs' counsel submitted affidavits that included additional information about fees and expenses generated after the entry of judgment, there is no evidence in the record to show that the trial court actually considered this extraneous information when calculating its award. Indeed, in its final order awarding attorney fees under OCGA § 9-11-68, the trial court expressly stated that its award constituted the "reasonable value for the vast number of hours spent by [p]laintiffs' attorneys in preparing and trying the instant case thru [sic] the entry of judgment." (Emphasis supplied). It is well-settled that "[w]hen the trial court sits as the trier of facts, it is presumed that the court separated admissible evidence and selected only the legal evidence in forming its judgment." See HWA Props., Inc. v. Community & Southern Bank, 320 Ga. App. 334, 335 (739 SE2d 770) (2013). Here, there is simply no evidence that the trial court considered evidence of any attorney fees or expenses incurred post-judgment when calculating the reasonable amount of attorney fees to be awarded under OCGA § 9-11-68.

When determining an amount to be awarded as attorney fees under OCGA § 9-11-68, the "reasonableness of fees and costs is a matter within the trial court's

discretion, we will not interfere with that decision of the trial court unless there has been an abuse of that discretion." Ga. Bone & Joint Surgeons, P. C. v. Keel, 376 Ga. App. 79, 86 (4) (918 SE2d 127) (2025) (citation and punctuation omitted). As explained more fully below, the trial court's award of attorney fees was not an abuse of discretion.

Under OCGA § 9-11-68, a party to a tort case who refuses an offer of settlement that is made in good faith and meets other specified criteria, and who later receives a final judgment that is, by 25 percent or more, less favorable than the rejected offer, "shall be" liable for "reasonable attorney's fees and expenses of litigation incurred" after rejection of the offer. OCGA § 9-11-68 (b). The statute provides "little guidance on how the amount is to be determined beyond requiring it to be 'reasonable.'" Kennison v. Mayfield, 359 Ga. App. 52, 74 (856 SE2d 738) (2021) (McFadden, J., dissenting. However, in Ga. Dept. of Corrections v. Couch, 295 Ga. 469 (759 SE2d 804) (2014), our Supreme Court expanded upon this reasonableness requirement by providing that

> [w]hen a party seeks fees based on a contingent fee agreement . . . the party must show that the contingency fee percentage was a usual or customary fee for such case and that the contingency fee was a valid indicator of the value of the professional services rendered. In addition,

4

the party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered.

Id. at 483 (3) (a) (citation and punctuation omitted; emphasis supplied) (trial court erred in determining amount of attorney fees awarded under OCGA § 9-11-68 solely based on the contingency fee agreement and should have considered evidence of hours, rates, or other indications regarding the value of the attorney's professional services actually rendered).[1]

In this case, plaintiffs submitted evidence in support of their motion for attorney fees, including affidavits of three independent trial attorney experts,[2] the contingency fee agreement, and evidence regarding the expenses incurred in pursuing

---

[1] The trial court's order in this case was entered prior to the enactment of Georgia's 2025 tort reform legislation and OCGA § 9-15-16. See Ga. Laws 2025, Act 9, § 4, effective April 21, 2025.

[2] In their affidavits, the expert witnesses averred that a 40 percent contingency fee is a reliable, valid indicator of the reasonable value of legal services. Specifically, they stated that "[i]n a medical malpractice case such as this one, usual and customary contingency attorneys' fees through Georgia and in the metro Atlanta, Georgia area, range from 33-1/2% to 50% of the [p]laintiff's recovery. [Thus,] [t]he 50% contingency fee agreement [in this case] is reasonable. . . and is at the lower end of the range of usual and customary contingency attorneys' fees" for similar cases. They further averred that the $230,973.90 in litigation expenses incurred by plaintiffs' law firm were "reasonable and necessary."

the litigation. After the trial court granted the plaintiffs' motion for attorney fees and requested additional evidence, plaintiffs' counsel provided affidavits which estimated the number of hours that they spent on the case after the rejection of the offer of judgment, detailed descriptions of the work done, and what their hourly rates would have been had they agreed to accept the plaintiffs' case on an hourly basis. A review of these affidavits shows that the attorneys spent over 3,650 hours working on the case from the rejection of the settlement demand through the entry of judgment, and that the value of those services exceeded $2,999,700.

On January 2, 2025, the trial court awarded $13.7 million in attorney fees under OCGA § 9-11-68. The trial court's order noted that it relied upon the factors set forth Georgia Rules of Professional Conduct 1.5 (a), captioned "Fees" to guide its analysis. Rule 1.5 (a) provides that

> [t]he factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount

involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.

After weighing these factors "along with the record, including the [p]laintiffs' evidence relating to the value of the services, as well as the [c]ourt's own observation of the representation provided by the [p]laintiffs' attorneys," the trial court held that $13.7 million is the "reasonable value for the vast number of hours spent by [p]laintiffs' attorneys in preparing and trying the instant case thru [sic] the entry of judgment." Thus, the trial court's order clearly states that it only considered the evidence of the trial counsel's hours and market hourly rates between the rejection of the settlement demand and the entry of judgment. It is also clear that the trial court did not rely solely upon the trial counsel's evidence regarding the hours spent working on the case in determining what was reasonable. In making its calculation, the trial court's order reasoned that

an award based solely on hours and market hourly rates would be unreasonably low in this matter because (1) the customary fee for plaintiff's trial lawyer services in malpractice cases is not based on hours

7

spent or hourly rates, but instead on contingency fee; (2) the [p]laintiffs' attorneys took on an enormous risk by expending significant amounts of their time preparing and trying a case to a jury with the risk that it may end up in a defense verdict, thereby resulting in zero compensation for their services; [and] (3) the successful results they obtained in this case.

As the trial court's order correctly notes, hours and rates are not the only evidence that can be considered when calculating a reasonable attorney fees award. Georgia law is clear that in addition to the contingency fee agreement and the attorney's hourly rates, the party seeking fees can also introduce "some other indication of the value of the professional services actually rendered." Taylor v. Devereux Foundation, 316 Ga. 44, 91 (VII) (885 SE2d 671) (2023) (emphasis supplied). This indication of value may include "the quality of the attorneys' performances," the "results obtained in the litigation," Cajun Contractors, Inc. v. Peachtree Property Sub, LLC, 360 Ga. App. 390, 407 (2) (c) (861 SE2d 222) (2021), and the fact and opinion testimony about the "great deal of work" the attorneys provided. Home Depot U.S.A. v. Tvrdeich, 268 Ga. App. 579, 585 (2) (602 SE2d 297) (2004). Here, the trial court's order expressly considered such factors when determining the value of the professional services. Thus, "we cannot say that the trial

8

court abused its discretion in calculating the amount of reasonable attorney fees to award" to plaintiffs. Cajun Contractors, 360 Ga. App. at 408 (2) (c) (party seeking attorney fees presented sufficient evidence of the amount of attorney fees where the party presented evidence of the contingency fee agreement, affidavits that the fee was customary and reasonable, estimates of the number of hours that attorneys performed, and affidavits describing the work the attorneys performed).

Because there is no evidence that the trial court abused its discretion in making the award or considered post-judgment fees and expenses when calculating its award under OCGA § 9-11-68, I respectfully dissent from the majority's opinion.