**William Y. and Joan L. SPENS et al., Plaintiffs,**

v.

**CITIZENS FEDERAL SAVINGS & LOAN ASSOCIATION OF CHICAGO HEIGHTS et al., Defendants.**

**No. 72 C 818.**

United States District Court, N. D. Illinois, E. D.

May 30, 1973.

Seymour F. Simon, Kevin M. Forde, Max M. Fleisher, H. Reed Harris, Chicago, Ill., for plaintiffs.

George A. Platz, Sidley & Austin, Chicago, Ill., for defendants.

### DECISION ON DEFENDANTS' MOTION TO DISMISS ALL COUNTS EXCEPT COUNT II

McMILLEN, District Judge.

Defendants as a single group have filed a motion to dismiss all counts of the Complaint as amended, pursuant to F.R.Civ.P. 12. All defendants are Federal or Illinois savings and loan associations in Cook County, Illinois and make no distinctions between themselves with respect to the motion now being decided. The defendants' motion is directed solely to the sufficiency of the allegations of the Complaint as amended, but briefing has been suspended with respect to Count II in order to permit discovery and/or stipulations. Since Count II is not presently involved, we will likewise

defer any decision on the plaintiffs' claim to represent a class under Rule 23.

Plaintiffs allege that they have borrowed money from a defendant by means of a mortgage on their homes. Counts I, III, V and VII are brought under Federal law, and Counts IV, VI and VIII are pendent actions under Illinois law. All counts complain of various practices by the defendants as mortgagees and lending institutions. For the purpose of this motion, we must assume that all of the well-pleaded allegations of fact are true, and that the Complaint should be allowed to stand if plaintiffs could prove any set of facts thereunder which would entitle them to relief. However, the Complaint is quite verbose and must be stripped down to its essentials in order to be properly evaluated as a legal pleading. We find and conclude, for reasons expressed hereinafter, that plaintiffs have not alleged any Federal causes of action in the seven counts involved in this decision.

■ Count I alleges that each defendant engages in an "illegal tie-in agreement" by conditioning its loans upon the pre-payment of real estate taxes. This practice is alleged to restrain trade and commerce between defendants and other lending institutions, in that plaintiffs are deprived of the alternative of depositing their pre-paid tax fund in interest-bearing accounts, and defendants obtain the use of plaintiffs' money without paying interest on it. Plaintiffs have cited 28 U.S.C. § 1337 as the jurisdictional basis for their complaint and are relying on Section 1 of the Sherman Anti-Trust Act (15 U.S.C. § 1) in attacking the alleged tying agreement required by the defendants.

The deficiency with Count I is that it charges each individual defendant with its own separate and independent tying requirement, an insufficient restraint to violate the Federal anti-trust laws. The Federal statutes have been construed to apply only to a defendant which has sufficient "market power" to impose its tying requirement upon the customer, as

in Fortner Enterprises, Inc. v. United States Steel Corp., 394 U.S. 495, 89 S.Ct. 1252, 22 L.Ed.2d 495 (1969). More traditional cases holding that a defendant did in fact have sufficient economic power to become subject to the Federal jurisdiction are United States v. Loew's Inc., 371 U.S. 38, 83 S.Ct. 97, 9 L.Ed.2d 11 (1962) and Northern Pacific Railroad Co. v. United States, 356 U.S. 1, 78 S.Ct. 514, 2 L.Ed.2d 545 (1958). Count I in the case at bar is essentially a complaint by one borrower against one savings and loan defendant. The amount of interstate commerce involved in such a transaction is minimal, at most. No individual defendant is alleged to have sufficient economic power to impose its pre-paid tax requirement on a plaintiff against his will.

■ We also find and conclude that conditioning a mortgage loan upon the pre-payment of taxes is not the kind of tying sale prohibited by the foregoing cases. It is not alleged that a plaintiff cannot obtain a mortgage elsewhere without this condition. The transactions in the case at bar are based on plausible business reasons and not merely to "sell" something to the plaintiffs which they would not otherwise take. This conclusion is buttressed by the fact that several Federal and state regulations authorize, but do not require, the defendants to collect pre-payment of taxes as a condition of mortgaging. E. g., 12 C.F.R. § 545.6–11 and Ill.Rev.Stat. (1971), Ch. 32, Sec. 795(c)(5). We believe this case is in the category of those such as Washington Gas Light Co. v. Virginia Electric and Power Co., 438 F. 2d 248 (4th Cir. 1971) where the court held that the sale of underground wiring was a concomitant of the sale of electric power and not a separate product.

■■ Passing over Count II for future consideration, we come to Count III which alleges that defendants collectively control a substantial portion of the funds required for the building and sale of single family residences in Cook County. Plaintiffs allege that defendants

have "collectively" used their dominant position to extract pre-paid tax funds from the plaintiffs by an illegal tying requirement and without payment of interest. However, this Count does not allege collective action between the defendants to restrain commerce and does not purport to allege a conspiracy in restraint of trade. We can find no Federal claim stated in it. For the reasons expressed with respect to Count I and for the further reason that plaintiffs have failed to allege a simple, plain and concise claim showing some basis for Federal jurisdiction (F.R.Civ.P. 8), Count III should be dismissed.

■ Count IV seeks to invoke pendent jurisdiction for defendants' alleged violation of the Illinois usury laws (Ill.Rev.Stat., Ch. 74, §§ 4, 4(a), 5 and 6, 1971). Plaintiffs' theory is that, since defendants charge the highest allowable rate of interest under Illinois law on the mortgage loans, their failure to pay interest on the additional amount of pre-paid taxes results in usury. This may or may not be a valid conclusion, but Illinois statutes have long exempted savings and loan associations from usury (1971, Ill.Rev.Stat., Ch. 32, §§ 703 and 800). This exemption has been upheld by the highest court in the state. See Winget v. Quincy Building & Homestead Association, 128 Ill. 67, 84, 21 N.E. 12 (1889). In their brief, but not in their Complaint, plaintiffs attack the constitutionality of the Illinois statute. Even without this added dimension, we find and conclude that Count IV raises new and different issues from the Federal counts and hence does not contain the "common nucleus of operative fact" which is required for pendent jurisdiction. United Mine Workers v. Gibbs, 383 U.S. 715, at 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ Counts V through VIII were added by an amendment filed May 16, 1972 but they contain substantially the same type of complaints as alleged in the earlier counts. Count V complains of a tying agreement by which the defendants require the plaintiffs to purchase title insurance through the mortgagee defendant, after which the defendant receives a 10% discount from the insurance company for prompt payment. The defendants are not alleged to control which title insurance company is tied into the package, but they fail to pay interest on the 10% rebate and keep the entire amount. This is alleged to restrain interstate commerce, but once again the Complaint fails to allege the necessary market power of any individual defendant to require any plaintiff to deal with any particular defendant. For the economic reasons stated with respect to Count I, we also find and conclude that Count V must be dismissed.

■ Count VI is a pendent count alleging that the defendants' failure to disclose their retention of the 10% prompt payment rebate is a misrepresentation and breach of fiduciary duty toward the plaintiffs as borrowers. The Illinois courts have frequently defined the necessary elements of fraud (e. g. Broberg v. Mann, 66 Ill.App.2d 134, 213 N.E.2d 89 (2d Dist.1965)) and plaintiffs have failed to allege several of these elements in this Count. Also the Illinois courts have frequently declined to hold that a fiduciary duty is necessarily owed by a mortgagee to a mortgagor. In fact the Illinois Appellate Court has recently upheld the dismissal of just such a complaint as is contained in Count VI. De Phillips et al. v. Mortgage Associates, Inc., 8 Ill.App.3d 759, 291 N.E.2d 329 (1st Dist.1972). For this reason and for the additional reasons stated above with respect to Count IV, we find and conclude that Count VI must be dismissed.

■ Count VII alleges a violation of the Truth in Lending Act (15 U.S.C. § 1601), by virtue of defendants' alleged failure to disclose the 10% rebate received for prompt payment of title insurance, as alleged under Count VI. Plaintiffs do not allege what specific requirement of the Truth in Lending Act or Regulation Z thereunder is violated by the alleged failure to disclose, and Count VII should therefore be more spe-

cific to satisfy F.R.Civ.P. 8. However, we also find and conclude that this Count must be dismissed because of the exemption granted by Section 1605(e)(1) of the Truth in Lending Act of "fees or premiums for . . . title insurance . . ." in computing the computation of finance charges.

Count VIII returns to the pendent issue of usury, in this instance based on the higher rate of interest charged by defendants in the event of late payments or non-payment at maturity. In addition to the lack of any plaintiff who alleges having paid such higher rate, Count VIII has the same deficiencies, particularly with respect to defendants' exemption from usury laws, as its companion Count IV. For the reasons stated in dismissing Count IV, we find and conclude that Count VIII must likewise be dismissed.

As mentioned above, Count II will be subject to consideration later. Therein plaintiffs allege a combination and conspiracy between the defendants. Without intending to express any opinion on the merits of this count, we will observe that joint action between the defendants could constitute a greater magnitude of economic action than is alleged in any of the other counts. A principal deficiency of the counts being dismissed by today's order is that each of them is a complaint by an individual plaintiff against an individual defendant, and these individual complaints cannot be escalated into a Federal case by joining numerous defendants or referring to them "collectively" or denominating this as a class action. None of the defendants is alleged to be sufficiently large to cause the kind of economic impact proscribed by the anti-trust laws, yet except for the Truth in Lending charge and the pendent usury charges, the Complaint and particularly paragraph 1 alleging jurisdiction are founded on alleged violations of the Federal anti-trust laws.

It is therefore ordered, adjudged and decreed that the Motion of the defendants to Dismiss Counts I, III, IV, V, VI, VII and VIII of the Complaint as amended is granted.