**TRIMEC, INC., Plaintiff,**

v.

**ZALE CORPORATION and Aeroplex Stores, Inc., Defendants.**

**ZALE CORPORATION and Aeroplex Stores, Inc., Third Party Plaintiffs,**

v.

**CITY OF CHICAGO, et al., Third Party Defendants,**

v.

**ZALE CORPORATION, Aeroplex Stores, Inc., Trimec, Inc., and Federal Insurance Company, Third Party Counterdefendants.**

No. 86 C 3885.

United States District Court, N.D. Illinois, E.D.

Jan. 13, 1993.

**686**

Stephen C. Sandels, David B. Bayless, McDermott, Will & Emery, Chicago, IL, for Zale, Aeroplex and Trimec.

Matthew E. Van Tine, Peter D. Sullivan, Hinshaw & Culbertson, Chicago, IL, for Federal Ins.

## MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

In June 1984, Aeroplex O'Hare, a joint venture between Aeroplex Stores, Inc. ("Aeroplex")[1] and Trimec, Inc. ("Trimec"), contracted with the City of Chicago (the "City") to operate three drug store concessions at O'Hare International Airport. The agreement required Aeroplex O'Hare to operate the concessions for five years and pay the City a license fee of approximately $14 million during that time. Zale guaranteed Aeroplex O'Hare's obligations under the contract and Aeroplex O'Hare also posted a $1 million performance bond guaranteed by the Federal Insurance Company ("FIC"). The concessions were not successful and, after approximately two years and with several million dollars of rent past due, Aeroplex O'Hare abandoned its operations at O'Hare International Airport.

In 1986, Trimec brought suit against Aeroplex and Zale to recover its lost capitalization funds and profits. Aeroplex and Zale then filed a third-party complaint against the City and three former officials of the City's Department of Aviation, alleging violations of RICO, deprivation of property without due process of law, breach of contract, fraud, deceptive business practices, and a claim for contribution. The City filed a counterclaim against Aeroplex O'Hare, Trimec, Aeroplex, Zale in its capacity as guarantor of Aeroplex O'Hare, and FIC as the surety of Aeroplex O'Hare's performance bond. Trimec has settled its lawsuit with Aeroplex and Zale. The litigation involving the City remains.

In January 1992, Zale went into bankruptcy and the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, stayed all further proceedings against Zale, including those in this case. On November 3, 1992, the City moved to have the automatic stay lifted to permit this case to proceed. Zale objected to this motion and moved to extend the stay to cover all parties to this action. The bankruptcy court denied the City's motion to lift the stay and Zale's motion to extend it. However, the bankruptcy court recommended that this court stay this proceeding "until the claims resolution process has unfolded or until the stay lifts ..."[2]

This case is currently before the court on Zale, Aeroplex, and Trimec's motion to stay this case. For the reasons stated below, their motion is granted.

### The Motion to Stay The Case

Zale, Aeroplex, and Trimec (the "parties") move to stay this proceeding pending resolution of the claim submitted by the City in Zale's bankruptcy case. The parties argue that proceeding in this case without Zale would be inequitable because Zale would be bound by a judgment in favor of the City since it is Aeroplex O'Hare's guarantor under the contract and has agreed to indemnify the other defendants.[3] Moreover, the parties argue that the City, by filing a Proof of Claim in Zale's bankruptcy proceeding has agreed to resolution of its claim in this case by the bankruptcy court. Resolution of the City's claim in both the

---

1. At the time, Aeroplex was a wholly-owned subsidiary of Zale Corporation ("Zale"). In June 1986, Zale sold all of its interest in Aeroplex.

2. Zale, Aeroplex, and Trimec's Motion to Stay Case, Exhibit 1 ("Exhibit 1") at 43.

3. Zale has also taken responsibility for compensating the parties' attorneys. It has not been determined whether these attorneys would continue to represent Aeroplex and Trimec without Zale and whether Aeroplex and Trimec would be able to adequately compensate counsel.

bankruptcy court and this court could lead to conflicting judgments against Zale and waste valuable judicial resources. It was for these reasons that the bankruptcy court recommended that this court stay the proceedings in the instant case.

The City counters that it is inappropriate to stay this proceeding merely because one party has filed for bankruptcy. According to the City, a stay which protects solvent parties is inconsistent with the statutory scheme established in the federal bankruptcy code which limits the protection of the automatic stay to bankrupt parties. Moreover, the City argues that discovery has been completed and this case is ready to go to trial. The City claims that staying the proceeding at this late date would deny the City its right to vigorously pursue its action against the solvent defendants.

■ As the City suggests, the automatic stay is generally only available to the debtor, and not related third-party defendants or solvent co-defendants. *See Austin v. Unarco Industries*, 705 F.2d 1, 4 (1st Cir.), *cert. denied*, 463 U.S. 1247, 104 S.Ct. 34, 77 L.Ed.2d 1454 (1983); *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 126–27 (4th Cir.1983); *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1196–97 (6th Cir.1983); *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir.1983). However, there is a limited exception to this rule in "unusual circumstances" where the relief sought against the third party would result in harm to the debtor. *See, e.g., Matter of S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir.1987); *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986); *Chicago Carpenters Council of Carpenters Pension Fund v. Saylor*, 1992 WL 333899, 1992 U.S. Dist. Lexis 17090 (N.D.Ill.1992); *In re North Star Contracting Corp.*, 125 B.R. 368 (S.D.N.Y.1991). As the Fourth Circuit explained in *A.H. Robins Co., Inc.*, 788 F.2d at 999, a stay is appropriate where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that the judgment against the third-party defendant will in effect be a judgment or finding against the debtor."

■ This court finds that a judgment in favor of the City in the instant action would serve as a judgment against Zale, thus improperly defeating the purpose of the automatic stay invoked in Zale's bankruptcy proceeding. As explained above, Zale would be bound by a judgment in this case regardless of whether it was involved in the litigation because Zale is Aeroplex O'Hare's guarantor under the contract and agreed to indemnify the other defendants. Permitting such a judgment to be entered against Zale would be inequitable since Zale would not have had the opportunity to defend itself and a judgment in favor of the City could have a significant impact on Zale's estate in its bankruptcy proceeding. Given the identity of the parties and the effect of this proceeding on the debtor's estate, an extension of the stay to the solvent parties in this action is clearly warranted as the parties suggest.

Furthermore, proceeding in the instant action could result in conflicting judgments. By filing a Proof of Claim in Zale's bankruptcy proceeding, the City has agreed that the bankruptcy court should resolve its claim against Zale. This claim is identical to the City's claim against the remaining parties in the instant action. Therefore, resolution of these identical claims in two different forums risks inconsistent judgments and would waste significant judicial resources. For these reasons, this court agrees with bankruptcy court that a stay is appropriate in this case "until the claims resolution process [in the bankruptcy proceeding] has unfolded or until the stay lifts ..." Exhibit 1 at 43.[4] Zale, Aeroplex, and Trimec's motion to stay the case is granted.

---

4. The City argues that the bankruptcy court based its recommendation that this proceeding be stayed based upon the mistaken belief that the remaining solvent parties were Zale subsidiaries. *See* Exhibit 1 at 43. Nevertheless, since Zale is serving as the guarantor and indemnitor of the other parties to this action, the risk to the debtor's estate, risk of conflicting judgments, and potential waste of judicial resources remains the same.

*Conclusion*

Zale, Aeroplex, and Trimec's motion to stay the case is granted pending resolution of the claim submitted by the City of Chicago or the lifting of the automatic stay in Zale's bankruptcy case. In light of this ruling, this court dismisses this case with leave to reinstate within thirty days of the bankruptcy court's ruling. Should the parties wish to reinstate this case after the termination of the bankruptcy proceeding, they need only appear before this court on a status call within the thirty day period.