Julius V. MOORE, Jr., Plaintiff,

v.

**FIDELITY FINANCIAL SERVICES, INC., Defendant.**

No. 94–CV–2558.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 2, 1994.

---

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, Edelman & Combs, Chicago, IL, for plaintiff.

Jonathan N. Ledsky, Craig Allen Varga, Peterson & Ross, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff, Julius V. Moore, Jr., both as an individual and the representative of a putative class, brings this action against defendant Fidelity Financial Services, Inc. asserting claims under the Truth in Lending Act (15 U.S.C. §§ 1601, et seq.) and Federal Reserve Board Regulation Z (12 C.F.R. part 226) (Count I), for breach of contract (Count II), and under section 9–504 of the Uniform Commercial Code (Count III). Defendant has filed a motion to dismiss Count III under Fed.R.Civ.P. 12(b)(6), and for a more definite statement of Counts I and II under Fed.

R.Civ.P. 12(e). For the reasons stated below, the Court denies these motions.

### 1. The Facts [1]

Defendant finances vehicle purchases using standard printed forms, including promissory note/security agreements ("Agreement"), Truth in Lending Act ("TILA") disclosure statements, borrower copies of insurance statements retained by defendant, and repossession notices.[2] Under defendant's standard agreement, a borrower can use a security interest in his or her vehicle as collateral for the loan.[3]

Defendant's Agreement requires borrowers to obtain insurance against "loss by fire, theft and collision." The Agreement further stipulates that if the borrower fails to obtain the necessary insurance, defendant can insure the vehicle and "advance the premium on required or authorized insurance," in which event the insurance premium is added to the original note and carried at the same interest rate.[4] Plaintiff terms such insurance purchased by defendant "force placed insurance."

Plaintiff purchased a Nissan from Mid City Nissan in May 1992, and was referred to defendant to obtain financing. Based on Mid City's recommendation, plaintiff obtained a loan from defendant to finance $9,769.83 at an annual percentage interest rate of 23.43%. Plaintiff secured defendant's loan with the new Nissan. Plaintiff's agreement and TILA disclosure statement were prepared on standard forms.

Plaintiff did not obtain insurance, and on November 15, 1993, defendant "force placed" insurance on plaintiff's Nissan. Defendant added $1,090.00 to plaintiff's loan balance as premium for the insurance policy and charged the increase at the same 23.43% interest rate. Plaintiff alleges that the insurance defendant obtained included coverage that was not required under the Agreement. Defendant failed to send the plaintiff a new credit disclosure.

In January, 1994, defendant told plaintiff that if he paid defendant $430.00 towards the insurance premium, the balance of the premium would be added to the end of his contract. Plaintiff paid the $430.00 in compliance with defendant's demand. Plaintiff alleges that defendant then demanded further payment prior to the end of the contract. Plaintiff refused to pay the additional sum. On April 13, 1994, defendant repossessed plaintiff's Nissan. On April 14, 1994, defendant sent plaintiff a repossession notice. The repossession notice was a form document that plaintiff alleges defendant regularly uses in conjunction with repossessions. The statement notes the date after which the auto will be offered for sale and describes the redemption procedures.

### 2. Motion For More Definite Statement of Counts I and II

■ Defendant requests this Court to order the plaintiff to provide a more definite statement under Rule 12(e) for Counts I and II. Rule 12(e) motions are generally disfa-

---

1. When considering a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept all well-pleaded facts and allegations in the complaint as true, make reasonable inferences therefrom and view the allegations in the light most favorable to the plaintiff. See, e.g., *Albright v. Oliver*, — U.S. —, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *Badger Pharmacal, Inc., v. Colgate–Palmolive Co.*, 1 F.3d 621, 626 (7th Cir. 1993); *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). Accordingly, the facts as stated were taken from the Complaint and the attached exhibits.

2. A copy of each of these forms was attached to the complaint.

3. The relevant portion of Fidelity's Agreement (Complaint Ex. A) reads:
 (2) If box "x'd" below Personal Property, Other or Motor Vehicle, I give you a Security Interest under the Uniform Commercial Code in any property listed below.

4. The agreement reads:
 I will keep the security insured against loss by fire, theft and collision in case of motor vehicles, and against loss by fire for other security. If I do not I am in default or at your option, you may advance the premium on required or authorized insurance, the advance will become a part of the Note, and will be secured by this Security Agreement, and will bear interest at the Agreed Rate of Charge provided for in the Note.

vored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading. *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.*, 664 F.Supp. 298, 303 (N.D.Ill., E.D.1987).[5] Moreover, Rule 12(e) motions are not to be used as substitutions for discovery. *Id.* at 304; citing, *Garza v. Chicago Health Clubs, Inc.*, 329 F.Supp. 936, 942 (N.D.Ill.1971); 5 C. Wright & A. Miller, Federal Practice & Procedure § 1376 at 737–741 (1969).

■ Count I alleges that defendant violated TILA and Federal Reserve Board Regulation Z by obtaining the "force placed" insurance without issuing to plaintiff a new credit disclosure that included the insurance premium. Defendant argues that Count I lacks the necessary specificity required by Rule 8 because it does not specify the exact statute defendant allegedly violated.[6] Defendant also argues that plaintiff must specify the exact details of the "force placed" insurance that plaintiff alleges constitute "unauthorized coverage," which is discussed below.

Count I of the complaint merely claims that defendant's practice of not issuing a new credit disclosure at the time it "force places" insurance on vehicles "violates TILA and Regulation Z." Even if the preferred practice dictates that the complaint should have cited the exact provision of TILA and Regu-

lation Z defendant allegedly violated, the Court concludes that plaintiff's precise contention can easily be determined through discovery. Accordingly, defendant's motion for a more definite statement based on this alleged defect is denied.

■ Count II is a breach of contract claim. Plaintiff contends that defendant has an obligation of good faith and fair dealing when exercising the right to place insurance on borrowers' vehicles. Plaintiff alleges that the "additional and unauthorized" insurance coverage defendant charges its borrowers is a breach of the express terms of the contracts.

Defendant argues that plaintiff's allegation in Count II of "additional and unauthorized" coverage is unnecessarily vague and forces the defendant to speculate which provisions of the insurance violate the Agreement. Plaintiff claims that he lacks the necessary documentation to specify each potential claim of "unauthorized coverage" and will not have this information until discovery begins.[7]

■ Rule 8 requires very basic "notice pleading," which is offset by wide and liberal discovery rights. See, *U.S. for Use of Argyle*, 664 F.Supp. at 302; *LaPlaca v. Johnson*, 1989 WL 97863, 1 (N.D.Ill. July 5, 1989). To survive a Rule 12(e) motion in a contract claim, the plaintiff must recite the relevant

---

**5.** In *Argyle*, a construction project supplier sued a general contractor asserting multiple causes of action when the contractor failed to uphold an oral agreement. Supporting the agreement was a one-page document appearing to be a payment schedule for labor and materials supplied by Argyle. Count VIII was an unjust enrichment claim. Argyle claimed that it relied on certain "assertions" that the defendant would provide labor. The defendant filed an alternative Rule 12(e) motion for more definite statement for specification of the "assertions" it allegedly made. The Court denied the motion and based its ruling on Argyle having included the approximate date, subject matter, and Argyle's subsequent actions in its pleading. 664 F.Supp. at 302–303.

**6.** Defendant claims the holding in *Spens v. Citizens Federal Savings & Loan Association of Chicago Heights et al.*, 364 F.Supp. 1161 (N.D.Ill. 1973), requires the complainant to specify the provision of TILA allegedly violated to satisfy Rule 8. While the Court in *Spens* discussed this issue and noted that the complaint "should" specify the regulation violated, the Court went

beyond the Rule 12(e) motion and dismissed the plaintiff's count for misrepresentation and breach of fiduciary duty, holding that the defendants' failure to disclose their retention of a 10% rebate fell under the exemption granted by TILA § 1605(e)(1). *Spens v. Citizens Federal Savings & Loan Association of Chicago Heights et al.*, 364 F.Supp. at 1164–1165. The language cited by defendant, therefore, appears to be *dicta*.

**7.** Plaintiff claims in its response to defendant's motion, not in the complaint itself, that the "borrower's copy" of the "Policy of Insurance" attached to the complaint as Exhibit C does not contain all the terms of a "master policy" that plaintiff alleges defendant has refused to produce. The parties' extensive arguments on this point rely on facts and documents wholly outside the complaint. The Court will not, therefore, consider these matters in ruling on defendant's Rule 12(e) motion which, as the rule requires, must confine itself to the four corners of the pleading at issue.

agreement, the basic contents of that agreement, and the pertinent parties. See, *Khalid Bin Talal Bin Abdul Azaiz Al Seoud v. E.F. Hutton & Company, Inc.*, 720 F.Supp. 671, 685 (N.D.Ill.1989). Plaintiff's complaint cites to each separate agreement that was relevant to the breach of contract claim, explains the basic allegations of defendant's insurance containing coverage that was above and beyond that which was required in the agreement, and names the pertinent parties. The pleading therefore satisfies Rule 8, and the Court thus denies defendant's motion for a more definite statement of Count II.

### 3. Motion to Dismiss Count III under Rule 12(b)(6)

Count III alleges that defendant's repossession notice [8] violated "§ 9–504 of the Uniform Commercial Code." [9] Defendant initially requested this Court to dismiss Count III under Federal Rule 12(b)(6), arguing its repossession and private sale notice fully complied with section 9–504 of the Uniform Commercial Code as codified in Illinois under 810 ILCS 5/9–504.[10] Defendant argues that the necessary minimal notice for repossession is satisfied by sending one notice stating the date after which the sale of repossessed property may occur. *Matter of Excello Press, Inc.*, 890 F.2d 896, 903 (7th Cir.1989). Plaintiff's response to defendant's motion

concedes this point, but continues to add an allegation that the repossession notice materially misrepresents the debtor's rights to redemption under section 9–506,[11] and thus does not constitute "reasonable notice" under section 9–504. Specifically, plaintiff claims that the notice falsely states that plaintiff may redeem *only* until the date of sale set forth in the notice. In its reply, not surprisingly, defendant changed its argument to dismiss Count III for failing to apprise defendant of the proper statute from which the claim arose.

 A complaint should not be dismissed pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co., et al. v. California et al.*, — U.S. —, —, 113 S.Ct. 2891, 22917, 125 L.Ed.2d 612 (1993); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The complaint need not specify the correct statute in order to defeat a Rule 12(b)(6) motion to dismiss. *Letisha A. by Murphy v. Morgan*, 855 F.Supp. 943, 947 (N.D.Ill.1994); citing *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073, 1078 (7th Cir.1992). "It is a well-settled principle of law that 'a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he ad-

**8.** The relevant section of the repossession notice (Complaint Ex. D) reads:

You are hereby notified that the motor vehicle described herein has been repossessed and will be offered for Private Sale after 10:00 A.M. on the 5th day of May, 1994, and from day to day there-after until sold, unless redeemed by you prior to such date. If you wish to redeem said motor vehicle you must visit our office before said date and make arrangement satisfactory to us to resolve the delinquency.

**9.** As defendant points out, plaintiff presumably relies on the Illinois Commercial Code, 810 ILCS 5/9–504. All references to the Code in this opinion will therefore be to the Illinois Commercial Code.

**10.** The pertinent part of § 9–504(3) reads:

Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification ·of the time after which any private sale or other intended dispo-

sition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. In the case of consumer goods, no other notification need be sent.

**11.** Section 9–506 provides:

Debtor's Right to Redeem Collateral. At any time before the secured party has disposed of collateral or entered into a contract for its disposition under Section 9–504 or before the obligation has been discharged under Section 9–505(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses.

vances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory.'" *Bowers v. Hardwick*, 478 U.S. 186, 201, 106 S.Ct. 2841, 2849, 92 L.Ed.2d 140 (dissenting opinion Blackmun, 1986) [12]

Section 9–504 calls for the repossessing party of consumer goods to give the debtor "reasonable notice" of the time after which any intended disposition is to be made. Requiring reasonable notice affords the debtor an opportunity to exercise his right to redemption under section 9–506. *Boender v. Chicago North Clubhouse Ass'n, Inc.*, 240 Ill.App.3d 622, 631, 181 Ill.Dec. 134, 140, 608 N.E.2d 207, 213 (1st Dist.1992),[13] citing *Korogluyan v. Chicago Title and Trust Company*, 213 Ill.App.3d 622, 629, 157 Ill.Dec. 690, 696, 572 N.E.2d 1154, 1160 (1st Dist.1991). Any part of the notification that undermines this purpose necessarily prevents a finding of "reasonable notification." *Boender v. Chicago North Clubhouse Ass'n Inc.*, 240 Ill. App.3d at 631, 181 Ill.Dec. 134, 608 N.E.2d 207. Notice that misstates the debtor's law-

ful right to redemption is not "reasonable notification" as required by section 9–504(3). *First National Bank of Maryland v. DiDomenico*, 302 Md. 290, 295, 487 A.2d 646, 648–49 (1985).[14] If a creditor does not proceed in accordance with the provisions of sections 9–504 or 9–506, the debtor is accorded statutory damages under section 9–507.[15]

In *DiDomenico*, DiDomenico borrowed funds from First National Bank to purchase a mobile home. After the loan had been in default a period of time, the bank repossessed the mobile home and mailed DiDomenico a redemption notice that stated he had the right to redeem his goods within fifteen days from the date of delivery of the notice, February 19, 1981. Because the property was not sold until May 2, 1981, under section 9–506 the borrower had the right to redeem his property until that date. The Court held that a notice that contains this type of misstatement is not "reasonable notification" under section 9–504(3). 302 Md. at 293–295, 487 A.2d at 648–649.

12. Citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (CA8 1974); see *Parr v. Great Lakes Express Co.*, 484 F.2d 767, 773 (CA7 1973); *Due v. Tallahassee Theatres, Inc*, 333 F.2d 630, 631 (CA5 1964); *United States v. Howell*, 318 F.2d 162, 166 (CA 9 1963); 5 C. Wright & A. Miller, Federal Practice and Procedures § 1357, pp. 601–602 (1969); see also *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

13. The Court stated a threefold purpose for the "reasonable notification" requirement:
(1) it gives the debtor the opportunity to exercise his redemption rights under § 9–506 [citation]; (2) it affords the debtor an opportunity to seek out buyers for the collateral [citation]' and (3) it allows the debtor to oversee every aspect of the disposition, thus maximizing the probability that a fair sale price will be obtained [citation].
*Boender v. Chicago North Clubhouse Association, Inc.*, 240 Ill.App.3d at 631, 181 Ill.Dec. 134, 608 N.E.2d 207.

14. Plaintiff cites other concurring state opinions ruling that misstatement of redemption rights violates the UCC. *Credithrift of America v. Smith*, 168 Ga.App. 45, 308 S.E.2d 53 (1983) (Creditor violated § 9–506 when he informed the debtor that he had only ten days to redeem secured property rather than notifying him that he could redeem the property until the time that it was sold. Therefore, the creditor was not entitled to a deficiency judgement.); *Topeka Dat-*

*sun Motor Co. v. Stratton*, 12 Kan.App.2d 95, 103–104, 736 P.2d 82, 88 (1987) (Creditor stated debtor's right to redeem was ten days and collateral actually was sold 62 days after the notice was sent. The Court ruled that the misleading information undermined the entire purpose of the notice and that "misleading notice becomes no notice at all."); *Loyola Fed. S. & L. Ass'n v. Hopson*, 1993 WL 331154, 1993 Del.Super. LEXIS 245 (1993) (Misstatement of an artificially short time for redemption of collateral by a creditor violates the reasonable notice requirement of § 9–504(3) and defeats the creditor's right to recover a deficiency notice and entitles the debtor to statutory damages under § 9–507(1).)

15. § 9–507(1) reads:
If it is established that the secured party is not proceeding in accordance with the provisions of this part disposition may be ordered or restrained on appropriate terms and conditions. If the disposition has occurred the debtor or any person entitled to notification or whose security interest has been made known to the secured party prior to the disposition has a right to recover from the secured party any loss caused by a failure to comply with the provisions of this part. If the collateral is consumer goods, the debtor has a right to recover in any event an amount of the debt or the time price differential plus ten percent of the cash price.

Neither vagueness nor lack of details constitute sufficient grounds alone to dismiss a complaint under Rule 12(b)(6). *Strauss v. City of Chicago,* 760 F.2d 765, 767 (7th Cir.1985). In view of the liberal notice pleading requirements of Rule 8(a) that govern civil actions, plaintiff's complaint includes enough facts and allegations to support a claim under sections 9–504 or 9–506. The complaint alleges the security agreement and loan obtained from defendant (¶ 11, Ex. A), repossession of the vehicle by defendant and the subsequent notice (¶¶ 22–23, Ex. D), the inaccuracy of the notice in describing plaintiff's redemption rights (¶ 25), violation of the notice requirement under 9–504 (¶ 51), and the damages sought under section 9–507 (¶ 53).

Construing the facts and allegations in the complaint in a light most favorable to the non-movant, the Court denies defendant's motion to dismiss Count III of the complaint. This ruling should not be construed as a ruling on the reasonableness of the notice sent by the defendant.

### 4. Conclusion

Although the Court denies defendant's motions for a more definite statement on Counts I and II and to dismiss Count III, the Court notes that the complaint fails to meet the standards this Court would expect of counsel as experienced in consumer finance litigation as plaintiff's counsel in this case. It would have been a simple matter to specify the sections of TILA and Regulation Z that plaintiff claims defendant violated, and to state the nature of the "additional and unauthorized" insurance defendant allegedly purchased. More precise pleading would avoid unnecessary discovery and motion practice.

Defendant is granted twenty-one days from the date of this Order to answer the complaint. The order requiring a written status report and setting a status conference for November 14, 1994 remains in effect.