**555 M MANUFACTURING, INC., Plaintiff,**

v.

**CALVIN KLEIN, INC., et al., Defendants.**

**No. 97 C 5366.**

United States District Court, N.D. Illinois, Eastern Division.

May 20, 1998.

Richard James Grossman, Steinberg, Burtker & Grossman, Ltd., Chicago, IL, for Plaintiff.

David C. Jacobson, Alison Claire Gilbert, Sonnenschein, Nath & Rosenthal, Chicago, IL, John F. O'Sullivan, Leslie Gordon Fagen, Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant Calvin Klein, Inc.'s motion for a stay of proceedings or, alternatively, for a more definite statement. For the reasons that follow, the court (1) denies defendant's motion for a stay of proceedings and (2) grants defendant's motion for a more definite statement.

## I. BACKGROUND

On April 27, 1997, defendant Calvin Klein, Inc. ("CK") and defendant Decorative Home Accents, Inc. ("DHA") entered into a licensing agreement, pursuant to which DHA was granted the right to use CK's trademark. Paragraph 12.1 of that agreement provided that DHA would indemnify CK for "any and all losses, liability, damages, and expenses (including reasonable attorney's fees and expenses) which may arise in connection with [DHA's] performance of this Agreement and transactions arising therefrom." Def.'s Memo. Ex. 1, ¶ 12.1. Paragraph 12.3 of that agreement provided that DHA would "maintain at all times ... a public liability insurance policy, including products liability coverage as well as contractual liability with respect to this Agreement." *Id.* at ¶ 12.3.

On August 6, 1997, plaintiff 555 M Manufacturing, Inc. ("555") filed suit against defendants CK and DHA d/b/a Calvin Klein Home, alleging breach of oral and written contracts. This court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332, as there exists complete diversity between the parties and the amount in controversy exceeds $75,000.

After 555 filed suit, DHA filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Pursuant to section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), DHA's filing of bankruptcy operated as an automatic stay of this proceeding insofar as 555 is seeking recovery against DHA. DHA did not request, and the Bankruptcy Court did not order, a stay of this proceeding against CK.

In response to 555's complaint, defendant CK has filed a motion for a stay of proceedings or, alternatively, for a more definite statement. CK first requests this court to stay the proceedings against CK, arguing that such a stay should be granted pursuant to (1) section 362(a) of the Bankruptcy Code; (2) Federal Rule of Civil Procedure 19; or (3) this court's inherent power. In the event that this court declines to stay the proceedings, CK asks this court to order 555 to provide a more definite statement of its claim pursuant to Federal Rule of Civil Procedure 12(e).

## II. DISCUSSION

### A. CK's motion for a stay of proceedings

CK has filed a motion for a stay of proceedings, arguing that such a stay should be granted pursuant to (1) section 362(a) of the Bankruptcy Code; (2) Federal Rule of Civil Procedure 19; and (3) the court's inherent power. For the reasons given below, the court finds (1) that CK has failed to establish that a stay is warranted under section 362(a) and (2) that the court cannot determine at this stage of the litigation whether a stay is warranted pursuant to Federal Rule of Civil Procedure 19 or the court's inherent power.

#### 1. Section 362(a) of the Bankruptcy Code

CK first argues that the court should stay the case pursuant to section 362(a), the automatic stay provision of the Bankruptcy Code. 555 argues that the automatic stay provision should not extend to CK, a solvent co-defendant, because (1) CK does not have standing to raise this issue and (2) this case does not

involve circumstances which would warrant the extension of the automatic stay provision.

■ The automatic stay provision of section 362(a) provides for a nearly comprehensive stay of proceedings against the bankruptcy debtor. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir.1991). The purposes of section 362 are

> to protect the debtor from an uncontrollable scramble for its assets, to preclude one creditor from pursuing a remedy to the disadvantage of other creditors, and to provide the debtor and its executives with a reasonable respite from protracted litigation, during which they may have an opportunity to formulate a plan of reorganization for the debtor.

*A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 998 (4th Cir.1986).

■ The general rule is that the automatic stay provision is generally only available to the bankruptcy debtor and does not bar suits against the debtor's insurers, guarantors, or sureties. *In re Fernstrom*, 938 F.2d at 732; *Trimec, Inc. v. Zale Corp.*, 150 B.R. 685, 687 (N.D.Ill.1993); *see also Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir.1983). There are two exceptions, however, to the general rule. *See In re Fernstrom*, 938 F.2d at 736. The Seventh Circuit described these two exceptions as follows:

> The first [exception] is applicable where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.' ... The second [exception] operates where the pending litigation, though not brought against the debtor, would cause the debtor, the bankruptcy estate, or the reorganization plan 'irreparable harm.'

*Id.* (citations omitted).

■ Assuming for the purpose of this discussion that CK has standing to raise this issue, the court finds that CK has failed to show that this case falls within either of the two above exceptions. CK is the only entity who is arguing that this court should grant a stay pursuant to section 362(a). Both DHA and the Bankruptcy Court, however, are in a better position than CK to determine whether a stay of these proceedings is necessary to further the above described purposes of section 362(a). DHA did not request, and the Bankruptcy Court did not grant, a stay of 555's proceedings against CK. The silence of those entities on this issue is pregnant. *See In re Brentano's, Inc.*, 27 B.R. 90, 92 (Bankr. S.D.N.Y.1983) ("Only this Court has a global view of the [debtor's] case and reorganization efforts.").

There may be a number of reasons why DHA did not feel necessary to request, and the Bankruptcy Court did not feel compelled to grant, a stay of these proceedings. For example, DHA may have obtained insurance required by paragraph 12.3 of the licensing agreement which would cover any money DHA would owe to CK. If that were true, a stay of this proceeding would be both unnecessary and inappropriate. *See In re Fernstrom*, 938 F.2d at 735–36.

In sum, CK has failed to show that this case falls within one of the two exceptions to the general rule that the automatic stay is available only to the bankruptcy debtor. *See Clinton v. Jones*, 520 U.S. 681, ——, 117 S.Ct. 1636, 1651, 137 L.Ed.2d 945 (1997) ("The proponent of a stay bears the burden of establishing its need."). Further, CK has failed to show that a stay is necessary to further the purposes of section 362(a). Accordingly, the court declines to stay this case pursuant to the automatic stay provision of section 362(a).

### 2. Federal Rule of Civil Procedure 19

CK next requests this court to stay the proceedings pursuant to Federal Rule of Civil Procedure 19, arguing that a stay is appropriate because DHA is an indispensable party. Among other things, 555 argues that DHA is not an indispensable party.

■ Federal Rule of Civil Procedure 19 governs the issue of when a case should be dismissed for failure to join an indispensable party. Rule 19 does not specifically provide that a stay may be granted in a case where the indispensable party is a defendant involved in a bankruptcy proceeding. *See* FED.

R.Civ.P. 19. However, several courts have granted a stay pursuant to Rule 19 where the court found that the bankrupt debtor was an indispensable party. *See, e.g., NationsBank of Md., N.A. v. Harris Bank Glencoe–Northbrook, N.A.,* No. 93 C 615, 1993 WL 179522, at *4 (N.D.Ill. May 25, 1993); *Trade Ctr. for Fin. Insts. v. Burger King, Inc.,* No. 82 C 7867, 1987 WL 11645 at *1 (N.D.Ill. May 28, 1987); *Klaff v. Wieboldt Stores, Inc.,* No. 84 C 0090, 1988 WL 142163, at *1 (N.D.Ill. Dec.23, 1988). The court finds that a stay would be appropriate if DHA is an indispensable party. Thus, the narrow issue before the court is whether DHA is an indispensable party as defined by Rule 19.

■ To determine whether a party is an "indispensable" party as defined by Rule 19, the court must make a two-part inquiry. FED.R.CIV.P. 19; *Klaff,* 1988 WL 142163, at *2. First, the court must determine whether the absent party is a "party to be joined if feasible." FED.R.CIV.P. 19(a). If the party is a "party to be joined if feasible" and if that party cannot be joined, the court must then determine whether, in equity and good conscience, the action should proceed among the parties before it. FED.R.CIV.P. 19(b). The defendant bears the burden of proving that a party is indispensable. *Hess v. Gray,* 85 F.R.D. 15, 27 (N.D.Ill.1979).

First the court must determine whether DHA, a party joined but not active, is a "party to be joined if feasible" pursuant to Rule 19(a). CK argues that DHA is such a party because (1) 555 chose to join DHA as a defendant and (2) the complaint's allegations make it clear that DHA is.

Federal Rule of Civil Procedure 19(a) provides:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or

impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

FED.R.CIV.P. 19(a). Therefore, a party is considered a "party to be joined if feasible" if either subsection (a)(1), (a)(2)(i), or (a)(2)(ii) is satisfied.

■ CK's first argument is that DHA is a "party to be joined if feasible" because 555 joined DHA as a defendant. This argument is wrong. Joinder under the Federal Rules of Civil Procedure can be either permissive or compulsory. *See* FED.R.CIV.P. 19–20. Therefore, the mere fact that a plaintiff chooses to sue two defendants in the same suit does not mean that the plaintiff was required to sue both defendants in the same suit.

CK's second argument is that the complaint's allegations make it clear that DHA is a "party to be joined if feasible." CK does not explain exactly how the allegations make it "clear." This is probably because, as explained below in Part II.B., the insufficiency of the complaint's allegations leave CK guessing as to what contract it allegedly breached and how it allegedly breached that contract. *See infra* Part II.B.

The advisory committee notes on Rule 19 state in pertinent part:

A joinder question should be decided with reasonable promptness, but decision may properly be deferred if adequate information is not available at the time. Thus the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case, it would be appropriate to defer decision until the action was further advanced.

FED.R.CIV.P. 19 advisory committee's note. The notes also provide that a motion under Rule 19 may be made at any stage of the litigation. *Id.*

■ At this stage of the litigation, the court cannot determine whether DHA is

"party to be joined if feasible" pursuant to Rule 19(a). First, the parties have not addressed whether Illinois, New York, or some other state's law governs this diversity action. *See Sta–Rite Indus., Inc. v. Allstate Ins. Co.,* 96 F.3d 281, 284 (7th Cir.1996) ("Under the necessary party analysis of Rule 19(a), the relative rights of the parties are considered under state law."). Second, the court cannot determine whether DHA's and CK's liability under the alleged contract was joint and several, which is an important issue because "Rule 19 does not require the joinder of all jointly and severally liable parties." *Id.* Both of these issues are central to the court's determination of whether DHA is a "party to be joined if feasible."

Accordingly, the court finds that it cannot determine at this stage of the litigation whether DHA is a "party to be joined if feasible" pursuant to Rule 19(a). The court's decision today, however, does not foreclose the possibility that CK may renew its motion at a later stage of the litigation once more facts become known.

### 3. The court's inherent power

CK next requests this court to stay these proceedings pursuant to the court's inherent power to do so. CK argues that the interests of justice require such a stay.

■ A district court has the inherent power to stay proceedings in a case when the interests of justice require such an action. *Cruz v. County of Dupage,* No. 96 C 7170, 1997 WL 370194, at *1 (N.D.Ill. June 27, 1997). To order a stay of proceedings, it must be clear that the interests of justice require it, that adjudication of the claim would be a waste of judicial effort, and that the plaintiff will not be substantially harmed by the delay. *Hess,* 85 F.R.D. at 27. The proponent of the stay bears the burden of proving that a stay is appropriate. *Clinton,* 520 U.S. at ——, 117 S.Ct. at 1651.

■ At this point of the proceedings, CK has failed to convince the court that it should grant a stay pursuant to its inherent power. For the reasons given above, the court (1) rejects CK's argument that a stay is justified pursuant to section 362(a) of the Bankruptcy Code and (2) finds that it cannot determine at this stage of the litigation whether DHA is an indispensable party as defined by Rule 19. Accordingly, the court finds that CK has failed to establish at this stage of the litigation that a stay is justified.

### B. *CK's motion for a more definite statement*

■ CK has filed a motion for a more definite statement of 555's claim pursuant to Federal Rule of Civil Procedure 12(e). Rule 12(e) motions are generally disfavored. *Guess?, Inc. v. Chang,* 912 F.Supp. 372, 381 (N.D.Ill.1995). Such motions should only be granted where the pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). To survive a Rule 12(e) motion on a contract claim, the plaintiff must recite the relevant agreement, the basic contents of that agreement, and the pertinent parties. *Moore v. Fidelity Fin. Servs.,* 869 F.Supp. 557, 560–61 (N.D.Ill.1994). "In a contract dispute, a more definite statement is required when 'defendants can only guess as to what conduct and contract(s) [an] allegation refers.'" *Jackson Nat'l Life Ins. Co. v. Gofen & Glossberg, Inc.,* 882 F.Supp. 713, 726 (N.D.Ill.1995).

■ In this case, the court finds that 555's first amended complaint is inadequate to survive CK's motion for a more definite statement. In the complaint, 555 alleges that it entered into oral and written contracts with defendants. 555 attached copies of the written agreements to the complaint. It is apparent from the attachments, however, that the written agreements were only between 555 and DHA, not CK. Thus, as 555 admits in its response brief, 555's action against CK is based only on oral, not written, contracts. However, nowhere in the complaint does 555 identify what oral agreements were made, when they were made, what representatives of 555 and CK made the agreements, or what the contents of those oral agreements were. Further, the complaint does not specify the conduct of CK, as opposed to DHA, of which 555 complains. Without such specifics, 555's complaint fails to meet the minimum requirements of Feder-

al Rule of Civil Procedure 8 and leaves CK guessing as to what conduct and what contract the complaint's bare allegations refer.

Accordingly, the court grants CK's motion for a more definite statement and dismisses 555's first amended complaint pursuant to Rule 12(e). However, in case 555 can state a claim for breach of an oral contract which will survive the statute of frauds, the court will grant 555 leave to file a second amended complaint. In the second amended complaint, 555 must include allegations which recite the relevant oral agreements, the basic contents of each of the agreements, the pertinent representatives from each of the parties, and the conduct of CK of which 555 complains.

## III. CONCLUSION

For the foregoing reasons, the court (1) denies defendant Calvin Klein, Inc.'s motion for a stay of proceedings and (2) grants defendant Calvin Klein, Inc.'s motion for a more definite statement. Accordingly, plaintiff 555 M Manufacturing, Inc.'s first amended complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(e). Plaintiff is given until June 3, 1998 to file a second amended complaint consistent with this order. Defendant Calvin Klein, Inc. is given until June 17, 1998 to answer or otherwise plead to the second amended complaint.