**In re Kyle W. LENNINGTON and Kay N. Lennington, Debtors.**

**No. 01–83471.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 26, 2001.

Lars Eric Ostling, Bloomington, IL, for debtors.

Robert B. Becker, Gerard A. Brost, Stephen A. Kouri, Peoria, IL, John Joseph Brunsman, Springfield, IL, Joseph Circelli, Andrew J. Hubbs, Berton J. Maley, Darien, IL, for creditor.

## *OPINION*

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

Before the Court is the amended motion of Union Planters Bank (BANK) for relief from the automatic stay or, alternatively for adequate protection, filed on Sept. 6, 2001, while the case was proceeding under Chapter 13 of the Bankruptcy Code. The motion seeks to allow the BANK to proceed against a $100,000 certificate of deposit (CD) issued by National City Bank and allegedly pledged as collateral by Leland and Glenna Krug (KRUGS) for a promissory note executed by one of the Debtors, Kyle W. Lennington (LENNINGTON), with the BANK. For the reasons stated below, the Court concludes that the CD pledged by the KRUGS is not protected by § 362 from an action for collection by the BANK. The related question of whether or not the CD was pledged as

security for LENNINGTON'S note and can therefore be reached by the BANK is a question of state law involving the KRUGS and the BANK which should not be decided by this Court.

The note in question was entered into by LENNINGTON and the BANK (formerly known as Magna Bank, N.A.) in the principal amount of $100,000 on February 27, 1995. According to the BANK, the KRUGS, LENNINGTON'S in-laws, entered into an assignment of deposit account agreement (AGREEMENT), granting the BANK a security interest in the CD pledged as collateral for the underlying loan between LENNINGTON and the BANK. The Debtors, Kyle W. LENNINGTON and Kay N. Lennington (DEBTORS), filed a Chapter 13 petition on August 14, 2001. The Chapter 13 plan filed by the DEBTORS did not treat the BANK as a secured creditor and estimated the dividend to unsecured creditors to be approximately 19.5%. The BANK filed a motion for relief from the automatic stay on August 23, 2001, attaching a copy of the AGREEMENT entered into by the BANK and the KRUGS, and a copy of a letter received from the DEBTORS asserting that the automatic stay prevents the BANK from transferring or cashing in the CD. The BANK filed an amended motion on Sept. 6, 2001, asserting that it was entitled to relief from the stay under both § 362 and § 1301. The BANK also objected to confirmation of the plan, contending that the DEBTORS were not entitled to protection of the stay under § 1301, unless the BANK would receive full payment of its claim. The DEBTORS filed a response to the BANK'S motion, rasing the following two issues: (1) whether the KRUGS pledged the CD as collateral for LENNINGTON'S note, and (2) whether the loan was for business or consumer

purposes.[1] The DEBTORS also filed a motion pursuant to 11 U.S.C. § 1307(d) to convert the Chapter 13 case to a Chapter 11 case. The motion to convert was allowed on October 31, 2001.

The DEBTORS' conversion to a Chapter 11 case eliminates any reliance by LENNINGTON upon § 1301, which provides limited protection to certain codebtors. 11 U.S.C. § 1301. The conversion of the case also renders moot LENNINGTON'S contention that the loan in question was for consumer rather than business purposes. The provisions of Chapter 11 of the Bankruptcy Code offer no safe harbor similar to that found in § 1301.

The BANK urges that the automatic stay under § 362 does not apply to the KRUGS' CD because § 362 does not apply to actions taken against third parties or assets which are not assets of a debtor or a debtor's estate. Thus, according to the BANK'S reasoning, unless LENNINGTON can demonstrate that the KRUGS' CD is anything other than third party property, he cannot use the Bankruptcy Code as a shield from the BANK proceeding against the CD.

In response, LENNINGTON maintains 11 U.S.C. § 362 is an umbrella defense to the BANK'S proceeding against the KRUGS, asserting that § 362 protects the KRUGS' CD regardless of whether or not it is security for the note. LENNINGTON argues that the BANK'S motion for relief from the automatic stay cannot proceed absent proof that the CD secured the loan, and that a determination of whether or not the CD secures the note is not a state court matter but rather a decision best placed before the bankruptcy court. Characterizing the BANK'S motion to lift stay as frivolous and moot, LENNING-

TON contends that if the CD is found not to secure the note, the BANK cannot proceed against the KRUGS. Alternatively, should this Court determine that the CD secures the loan, then § 362 should apply to allow the DEBTORS to propose a Chapter 11 plan which provides for repayment of the secured loan. LENNINGTON cites no authority in support of his position.

 It is well-established that the automatic stay provision of 11 U.S.C. § 362(a) of the Bankruptcy Code is generally only available to a bankruptcy debtor and does not bar suits against the debtor's insurers, guarantors, or sureties. *See, 555 M Mfg., Inc. v. Calvin Klein, Inc.,* 13 F.Supp.2d 719 (N.D.Ill.1998); *U.S. v. Wright,* 57 F.3d 561 (7th Cir.1995); *In re Winer,* 158 B.R. 736 (N.D.Ill.1993). The automatic stay affords no protection to nondebtors or their property. *In re Chugach Forest Products, Inc.,* 23 F.3d 241 (9th Cir.1994). LENNINGTON has never claimed that the CD in question is anything but property of the third party KRUGS. Contrary to LENNINGTON'S assertions, whether or not the KRUGS' CD exists as security for his note does not impact this Court's ruling on the present motion to lift stay. The CD is simply not protected by the stay.

 Under unusual circumstances, however, the automatic stay may be available to protect a third party where the debtor demonstrates that harm to him would result or where a debtor is an indispensable party to litigation between a creditor and a third party. *See, Trimec, Inc. v. Zale Corp.,* 150 B.R. 685 (N.D.Ill. 1993); *Matter of James Wilson Associates,* 965 F.2d 160 (7th Cir.1992). "[I]f the

---

1. If a debt is a consumer debt, § 1301 of the Bankruptcy Code, 11 U.S.C. § 1301, offers certain protections to a codebtor. If the debt is a business debt, § 1301 offers no such protection.

debtor is an indispensable party, protected by the stay from involvement in the litigation, the litigation cannot proceed in his absence and therefore must be stayed as against the third party … as well." *Matter of James Wilson Associates*, 965 F.2d at 170. It is the debtor's burden to establish the exception. *Id.*

■ LENNINGTON did not carry that burden in the instant case. Besides a vague assertion that tying the third party CD up in state litigation could *possibly* make debtor's reorganization plan more difficult by not allowing them to reuse this collateral to obtain new loans or refinancing, LENNINGTON makes no real argument how harm would result to the DEBTORS[2] or how he would be an indispensable party to any possible future litigation.[3] Under the facts as presented to this Court, litigation over the CD is an issue best addressed in a state court action.

In conclusion, this Court would emphasize that the motion to lift stay under § 362 is wholly separate from the question of whether or not the CD was validly pledged as collateral for the note entered into by LENNINGTON. Further, the automatic stay provision of § 362 does not apply to actions taken against third parties or assets which are not assets of a debtor or a debtor's estate, and absent proof that harm would result to a debtor or that a debtor is an indispensable element of any possible third party litigation, this Court cannot find that § 362 protects the

KRUGS' CD. Finally, this ruling only establishes that § 362 does not prevent the BANK from proceeding against the CD. Whether or not the CD was pledged as security for the note is an issue of commercial law that must be brought in the appropriate forum, which, under these facts, is state court. Accordingly, this Court holds that the automatic stay provision of § 362 does not apply to the CD issued by National City Bank.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

See written Order.

---

2. Intra-family conflict has never been recognized as the type of "irreparable harm" covered by this exception.

3. In their "Memorandum of Law in Support of Response to Amended Motion of Union Planters Bank For Relief From the Automatic Stay," the DEBTORS claim that they would be indispensable parties to any litigation regarding the CD, stating:

The only way the "Bank" can pursue the Assignment of Deposit Account and obtain the proceeds from the Certificate of Deposit is to show that the Debtors defaulted on their loan and that the "Bank" should now be able to collect against the "Krugs".
Presumably, it would not be necessary to drag the DEBTORS into state court to establish they defaulted on their note with the BANK.